IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   SYLVIA S. WEBB, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-768-M |
| | ) | |
| 1.   EXPRESS MOBILE DIAGNOSTIC | ) | |
|   SERVICES, LLC, | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|   Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Sylvia S. Webb, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1. Plaintiff, Sylvia S. Webb, is an adult female resident of Garvin County, Oklahoma.

2. Defendant Express Mobile Diagnostic Services, LLC, is an entity doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant based on claims of (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and (b) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA").

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C.

1

§1331.

5. All of the actions complained of herein occurred in Oklahoma County, Oklahoma. Defendant is doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 8, 2013. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated June 9, 2014 (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7. Plaintiff, Sylvia S. Webb, is an adult female who was born in August 1952, making her over the age of forty (40) at all times relevant to this action.

8. Plaintiff began her employment with Defendant in or around 2012 as a radiology technician at the Lexington Assessment and Reception Center ("LARC"). From in or around 2007 until April 2012, Plaintiff performed the same job duties at LARC, but was employed with the Oklahoma Department of Corrections ("DOC").

9. Throughout her employment at LARC with Defendant and DOC, Plaintiff performed her job in a satisfactory manner.

10. In or around April 2012, DOC contracted Plaintiff's job to Defendant. Upon

information and belief, Plaintiff's hire with Defendant to continue in her same job duties was a condition of Defendant's service agreement. Plaintiff's new supervisor was Field Supervisor Mary Murphy.

11.     Despite the agreement, under Defendant, Plaintiff's job duties changed drastically. With DOC, she was in charge of developing and processing x-rays, as well as preparing LARC for inspections and reviews. However, once Murphy became Plaintiff's supervisor, Murphy took over those tasks.

12.     Since in or around January 2013, Plaintiff has suffered from the chronic health condition of psoriasis which affects the skin on her hands, elbows and feet. Plaintiff was required to wear bandages on her fingers while working. There is no cure for psoriasis. After her diagnosis in or around January 2013, Plaintiff missed work one (1) day a week every other week to receive injections to treat her psoriasis. Due to her medical condition, Plaintiff is a qualified individual with a disability within the meaning of the ADA and ADAAA in that she was disabled, has a record of a disability, and/or was perceived as disabled. Further, Plaintiff's disability substantially limits and/or limited her in one or more of her daily major life activities, including but not limited to walking and the use of her hands. This condition also affects one or more of her internal bodily processes, including but not limited to normal immune system function. However, at all times relevant hereto, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

13. On or about February 8, 2013, Plaintiff was terminated. Murphy told Plaintiff that her job was being eliminated due to a reorganization. However, the reason given was merely pretext for discrimination.

14. Upon information and belief, Plaintiff's job duties were given to one or more individuals believed to be in their twenties.

15. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

### COUNT I - ADEA

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

16. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

17. Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, she was over the age of forty (40), was qualified for her job, was terminated, and her position was not eliminated at the time of her termination.

18. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct.

### COUNT II - ADA AND ADAAA

For her second cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

19. The matters alleged above constitute discrimination based on a disability, a record of a disability and/or perceived disabilities in violation of the ADA and ADAAA.

20. More specifically, Plaintiff was a qualified individual with a disability in that she suffers from a physical impairment (i.e., psoriasis) which substantially limits her ability to perform one or more major life activities as set forth above. Further, Plaintiff's disabilities impact one or more of her internal bodily processes as shown herein.

21. Despite said impairments, Plaintiff could perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

23. Because the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 21st DAY OF JULY, 2014.**

                                        s/Jana B. Leonard
                                        JANA B. LEONARD, OBA# 17844
                                        LAUREN W. JOHNSTON, OBA# 22341
                                        LEONARD & ASSOCIATES, P.L.L.C.
                                        8265 S. WALKER
                                        OKLAHOMA CITY, OK 73139
                                        (405) 239-3800     (telephone)
                                        (405) 239-3801     (facsimile)
                                        leonardjb@leonardlaw.net
                                        johnstonlw@leonardlaw.net

                                        JURY TRIAL DEMANDED
                                        ATTORNEY LIEN CLAIMED